UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-946 SEP |
| | ) | |
| MISSOURI DEPT. of CORR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Request for Leave to Proceed *in forma pauperis*. Plaintiff's request is denied, and this case will be dismissed without prejudice to the filing of a fully paid complaint.

### BACKGROUND

Since September 3, 2020, Plaintiff has filed more than 150 civil actions *pro se* in this Court, each time seeking leave to proceed *in forma pauperis*. Plaintiff's first case, a petition for habeas corpus relief under 28 U.S.C. § 2254, was dismissed on December 14, 2020, due to failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN (E.D. Mo. Sept. 3, 2020). Subsequently, Plaintiff began filing dozens of prisoner civil rights complaints pursuant to 42 U.S.C. § 1983, submitting his pleadings in bulk.

Plaintiffs' lawsuits have been rife with defects. He has sought trillions of dollars in damages from entities and individuals identified only by job titles based on limited, if any, factual support. *See, e.g.*, *Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); *Engel v. CO1*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name). Plaintiff has sought forms of relief that are unrelated to his claims (e.g., stocks, properties, outfitted luxury vehicles, and college scholarships), from both defendants and non-parties, and for others as well as himself. *See e.g., Engel v. CO1, et al.,* No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"); *Engel v. USA*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million

1

in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies).  Plaintiff has also repeatedly invoked his putative status as a "sovereign citizen."  *See e.g.*, *Engel v. Governor of Missouri*, No. 1:20-CV-217-HEA (E.D. Mo. Oct. 7, 2020).

Because of their flaws, Plaintiff's cases have generally been dismissed pursuant to 28 U.S.C. § 1915(e)(2) review or for failure to comply with Court orders.[1]  In many of the orders dismissing his complaints, Plaintiff has been admonished to avoid the practice of repeatedly filing frivolous and malicious complaints.  *See, e.g.*, *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. Sept. 15, 2020).  He has repeatedly been cautioned that his abusive litigation practices could affect his future eligibility to proceed *in forma pauperis* and subject him to sanctions.  As of December 21, 2020, Plaintiff has been subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).  Accordingly, in cases filed after that date, he has been denied leave to proceed *in forma pauperis* without prejudice to the filing of a fully paid complaint.

As of December 31, 2020, Plaintiff had filed more than 130 civil actions.  The Court has also received civil rights complaints that are ostensibly from other prisoners but whose handwriting, allegations, and prayers for relief are strikingly similar to Plaintiff's filings.  *See e.g.*, *Herron v. ERDCC et al.,* No 4:21-cv-527-NAB (E.D. Mo. May 3, 2021).  After a brief pause in filings, Plaintiff has filed 29 new civil complaints since June 9, 2021.  These new complaints mirror those described above.  In sum, Plaintiff has flagrantly disregarded this Court's warnings to avoid abusive litigation practices.

### THE COMPLAINT

On July 19, 2021, Plaintiff, an inmate at the Missouri Eastern Correctional Center (MECC), filed the instant action in the United States District Court for the Western District of Missouri pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections (MDOC)

---

[1] In many of Plaintiff's actions, the Court determined that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In others, the Court determined that they were subject to dismissal as malicious based upon the nature of his pleadings and his abusive litigation practices.  *See e.g., Engel v. Prob. & Parole of Mo.*, No. 4:20-cv-1740-DDN (E.D. Mo. Dec. 22, 2020) (listing 29 of Mr. Engel's cases naming Missouri Department of Corrections as a defendant); *Engel v. Corizon*, No. 4:20-cv-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing Mr. Engel's litigation practices as part of an attempt to harass named defendants and not a legitimate attempt to vindicate a cognizable right).

2

and MECC. *See Engel v. Missouri Department of Corrections, et al.*, Case No. 21-0519-CV-W-DGK-P (W.D. Mo.). The case was transferred to this Court pursuant to 28 U.S.C. § 1404(a).

Plaintiff's Complaint identifies him as a "sovereign citizen" and asserts the following claim:

> This is in regards to Missouri Department of Corrections allowing one of their prisons such as MECC 5 House cell 243 to stay so wet cause there is no air that black mold is so bad on walls you can't get it gone they tried painting over it, but did not help what [unreadable] its so bad you cant breath in cells.

Plaintiff does not state whether he has sought assistance in relation to the alleged black mold. He does not claim that it has caused a medical issue for which he has sought and been denied assistance. He does not describe when the alleged condition began, or when he was transferred to cell 243 in 5 House. Plaintiff also does not state whether MDOC has made any other remediation efforts beyond "painting over it."

Plaintiff describes his injuries as: "civil rights, prisoner rights, physical health, mental health, PTSD" and seeks $31 million.

## DISCUSSION

The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Plaintiff, a prisoner, has filed more than three civil actions that have been dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2] Therefore, Plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Complaint contains no allegations establishing that Plaintiff is under imminent danger of serious physical injury.

---

[2] *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

Therefore, Plaintiff may not proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g).

Even if Plaintiff were allowed to proceed *in forma pauperis* in this matter, the Complaint would have to be dismissed for failure to state a claim upon which relief may be granted. MDOC and MECC are not "persons" that can be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims would also be barred by the doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). This Court has dismissed Plaintiff's previous claims against MDOC and MECC for the same reasons. *See e.g.*, *Engel v. Corizon, et al.*, Case No. 4:21-cv-716-SPM (E.D. Mo. July 1, 2021).

To the extent Plaintiff claims entitlement to relief based upon his status as a "sovereign citizen," that claim is frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *see also United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

Finally, the Complaint is subject to dismissal because it is malicious. As described above, Plaintiff has knowingly and persistently engaged in litigation practices that amount to abuse of the judicial process. In that context, the Complaint is plainly part of a general campaign of harassment, not a legitimate attempt to vindicate a cognizable right. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

**Plaintiff is once again advised that his litigation practices are abusive and is cautioned to avoid such practices in the future. For each such complaint Plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices in the future.**

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may not proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully paid complaint.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of Plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fee is paid in full.

Dated this 10th day of September, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5